UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BERG,                               No. 07-14565

        Petitioner,                 District Judge Marianne O. Battani

v.                                          Magistrate Judge R. Steven Whalen

LINDA M. METRISH,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

On September 17, 2010, the Court entered an Opinion and Order denying Petitioner Timothy Berg's petition for writ of habeas corpus, filed under 28 U.S.C. § 2254, and denying a Certificate of Appealability [Doc. #18]. On February 6, 2012, Petitioner wrote a letter to the Court [Doc. #22] saying that he had only received a copy of the Court's decision a few days earlier, and well after the 30-day period for filing a Notice of Appeal. In his letter, Petitioner asks the Court to "reissue its September 17, 2010 opinion and order so as to allow me to file the appropriate appeal."

I construe Petitioner's letter [Doc. #22] as a motion for relief from judgment under Fed.R.Civ.P. 60(b)(6). As this is a post-judgment matter, I will proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B), and recommend that the motion be DENIED.

### I.  FACTS

On October 25, 2007, Petitioner Timothy Berg filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his plea-based convictions in the Saginaw County Circuit Court of six counts of first-degree criminal sexual conduct,

M.C.L § 750.520b, nine counts of second-degree criminal sexual conduct, M.C.L. § 750.520c, and one count of sexually abusive activity, M.C.L. § 750.145c. He was sentenced to six terms of life imprisonment, nine terms of ten to fifteen years, and one term of thirteen to twenty years, respectively. On September 17, 2010, the Honorable Anna Diggs Taylor denied the petition in a written Opinion and Order, and denied a Certificate of Appealability [Doc. #18].[1] Judgment was entered against the Petitioner on the same day [Doc. #19].

On the date the Opinion and Order was entered, the Clerk's Office mailed a copy to the Petitioner at the Kalkaska County Jail in Kalkaska, Michigan. Unfortunately, Petitioner did not reside at the Kalkaska County Jail. Instead, as his petition clearly indicated, he resided at that time at the Kinross Correctional Facility in Kincheloe, Michigan. The mail was returned to the Court as undeliverable [Doc. #20].

Approximately 16 months later, Petitioner wrote a letter to the Court, dated January 25, 2012, which was docketed on February 26, 2012, and which I am construing as his Rule 60(b)(6) motion [Doc. #22]. Petitioner states that he sent a previous letter to the Court on December 11, 2011, inquiring about the status of his case and requesting a copy of the docket sheet. When he received the docket sheet "a few days before" January 25, 2012, he was surprised to learn that the Court had denied his petition in 2010. He states, "It is unclear to me why I never received this Court's decision as I have not changed addresses since the filing of the original action in this case." Petitioner concludes with this request for relief:

"Under the circumstances, and since this delay is not attributable to me, I

---

[1] The underlying facts are set forth in Judge Taylor's Opinion and Order. Because the present motion is procedural in nature, it is not necessary to repeat the facts of the offense here.

am requesting that the Court look into this matter and reissue its September 17, 2010 opinion and order so as to allow me to file the appropriate appeal."

## II.  LEGAL STANDARDS

This case turns on the interplay between Fed.R.App.P. 4(a) and Fed.R.Civ.P. 60(b)(6).

Fed.R.App.P. 4(a)(1) provides that the notice of appeal in a civil case "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." When an appellant fails to timely file a notice of appeal, and fails to timely request and extension to do so because of failure to receive notice of the judgment, Rule 4(a)(6) provides a limited mechanism for reopening the time to file a notice of appeal:

> "**(6) Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> **(C)** the court finds that no party would be prejudiced."

Fed.R.Civ.P. 60(b)(6) provides:

> "**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(6)** any other reason that justifies relief."

Unlike motions under Rule 60(b)(1)-(3), a Rule 60(b)(6) motion is not subject to a one-year limitations period, but "must be made within a reasonable time." Fed.R.Civ.P. 60(c)(1).

### III. DISCUSSION

Because Petitioner did not receive notice of the September 17, 2010 judgment until January of 2012, he was obviously unable to file a timely notice of appeal within 30 days of the judgment. But notwithstanding his lack of fault, the time for filing a notice of appeal cannot be reopened under Fed.R.App.P. 4(a)(6), which states that a motion to reopen must be filed within 180 days of the entry of judgment or 14 days after the appellant receives notice, *whichever is earlier*. In this case, 180 days after judgment is earlier, and the Petitioner is seeking relief well after that date.

The time limits of Rule 4(a) are "mandatory and jurisdictional." *See Browder v. Dir., Dept. of Corrs. of Illinois,* 434 U.S. 257, 264 (1978). The 1991 amendment to Rule 4 embodied in Rule 4(a)(6) "balances the inequity of foreclosing appeals by parties who do not receive actual notice of a dispositive order against the need to protect the finality of judgments." *Vencor Hosp., Inc. v. Standard Life and Acc. Ins. Co.,* 279 F.3d 1306, 1309 (11th Cir.2002). Quoting the Notes of the Advisory Committee on Appellate Rules, the Court in *Zimmer St. Louis, Inc. v. Zimmer Co.,* 32 F.3d 357, 360 (8th Cir.1994), stated:

> "According to the Notes of the Advisory Committee on Appellate Rules, the purpose of the 1991 amendment was to provide 'a *limited* opportunity for relief in circumstances where the notice of entry of a judgment or order, required to be mailed by the clerk pursuant to [Fed.R.Civ.P. 77(d) ], is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal.'" (Emphasis added by *Zimmer*).

In *Bowles v. Russell*, 551 U.S. 205 (2007), the appellant did not receive timely notice of the judgment. He timely moved for relief under Rule 4(a)(6), and his motion was granted. Under the Rule, the appellant had 14 days from the date of the order granting his motion to file a notice of appeal. However, in its order, the district court

-4-

erroneously told him that he could file a notice of appeal by a date that was 17 days after entry of the order. The appellant took the court at its word, and filed on the 17th day. Too bad, said the Supreme Court. Because the time limit for filing a notice of appeal is jurisdictional, the Court held, there was no exception for equitable considerations. *Bowles* overruled the "unique circumstances" exception to jurisdictional requirements embodied in *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215 (1962), and *Thompson v. INS,* 375 U.S. 384 (1964) ("Because this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate."). 551 U.S. at 214.[2]

Therefore, the limited avenue of relief that Rule 4(a)(6) provides is closed to the Petitioner. The question then becomes whether he can obtain relief under Rule of Civil Procedure 60(b)(6).[3] The weight of authority says that he cannot, and that Appellate Rule 4(a)(6) is the sole avenue for reopening the time for filing a notice of appeal when a party has not received timely notice of a judgment. *See Zimmer* at 361 ("The plain language of ... Fed.R.App.P. 4(a)(6) ... addresses specifically the problem of lack of notice of a final judgment.... [and that] specificity... precludes the use of Fed.R.Civ.P. 60(b)(6) to cure problems of lack of notice"); *Perez v. Stephens*, 745 F.3d 174, 179 (5th Cir. 2014)(holding

---

[2] Citing *Zimmer* and *Clark v. Lavallie,* 204 F.3d 1038, 1041 (10th Cir. 2000), the Sixth Circuit decision in *Bowles*, 432 F.3d 668 (6th Cir. 2005), which the Supreme Court affirmed, found that the 180-day and 14-day periods set forth in Rule 4(a)(6) were the "outer limits" of the time frame during which an appellant could seek to have a judgment reissued. *Bowles* quoted *Clark* as follows: "'Moreover, nothing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons.' *Id.* at 1040 (referring specifically to the 180–day limit)." 432 F.3d at 674.

[3] While *Bowles* did not explicitly address Rule 60(b)(6), its rejection of the "unique circumstances" doctrine would appear to foreclose using Rule 60(b) as a vehicle to reissue a judgment for equitable reasons. *But See Tanner v. Yukins*, 776 F.3d 434 (6th Cir. 2015), discussed below.

that "using Civil Rule 60(b)(6) to circumvent the exceptions codified in 28 U.S.C. § 2107" is contrary to Supreme Court precedent disapproving equitable exceptions to jurisdictional requirements)[4]; *Miller v. Ryder Truck Rental, Inc.*, 198 F.R.D. 70, 70 -71 (D.Md. 2000)("The weight of authority compels the conclusion that the 1991 amendments to Fed. R.App. P. 4(a) preclude use of Fed.R.Civ.P. 60(b) for [reopening the time for filing a notice of appeal]"); *Martin v. Rivard*, 2014 WL 4545628, *1(E.D.Mich. 2014)(Edmunds, J.)("Because Rule 4(a) is jurisdictional, a Rule 60(b) motion should not be used to circumvent its time requirements and extend or re-open the time for filing a notice of appeal.").

This brings us to *Lewis v. Alexander*, 987 F.2d 392 (6th Cir. 1993). In *Lewis*, the plaintiff's attorney mailed a notice of appeal within the 30-day period set forth by Rule 4(a)(1), but the notice was not docketed until four days after the expiration of that period. The plaintiff then filed a rule 60(b)(1) motion, asking the court to vacate its judgment and resuscitate the time for filing a notice of appeal. The Sixth Circuit held that under these circumstances, the district court "has jurisdiction to entertain a Rule 60(b) motion when a notice of appeal is untimely...." *Id*. at 395. While sanctioning the use of Rule 60(b)(6) as a vehicle to extend the time for taking an appeal, the Court cautioned that "[t]he residual clause of Rule 60(b)(6) should form the basis for relief from judgment 'only in exceptional or extraordinary circumstances...." *Id*., quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

How, then, to reconcile *Lewis* with *Bowles*, which held that the 180-day and 14-day periods set forth in Rule 4(a)(6) were the outer limits of equitable relief available to late filers?

---

[4] Rule 4(a)'s time limits are codified by statute, 28 U.S.C. § 2107(a).

*Lewis* has been the subject of much criticism, including by at least one other Sixth Circuit panel. In *Brown v. United States*, 2011 WL 3555630 (6th Cir. 2011)(unpublished), the Court rejected the application of Rule 60(b) to extend the time for taking an appeal, noting that *Lewis* lacked any discussion of Rule 4(a)(6):

> "While our decision in *Lewis v. Alexander* may appear to support the district court's handling of the Rule 60(b) motion, *Lewis* failed to apply Federal Rule of Appellate Procedure 4(a)(6), which expressly 'governs the district court's discretion to extend the time for appeals when parties fail to find out about final judgments[.]' *FHC Equities, L.L. C. v. MBL Life Assur. Corp.,* 188 F.3d 678, 684 (6th Cir.1999). *Because Brown failed to file a Rule 4(a)(6) motion within the time period provided by that rule, the district court could not grant Brown relief under Rule 60(b). See Bowles v. Russell,* 432 F.3d 668, 676 (6th Cir.2005) *aff'd,* 551 U.S. 205 (2007). Thus, we lack jurisdiction over appeal No. 11–5293 filed on the basis of the notice of appeal tendered on February 11, 2011, which appealed the March 23, 2010 decision and the May 17, 2010 order. *See* Fed. R.App. P. 4(a) and 26(a)." (Emphasis added).

However, in *Tanner v. Yukins*, 776 F.3d 434 (6th Cir. 2015), *rehearing en banc den*. April 14, 2015, the Sixth Circuit panel held in a 2-1 decision that *Lewis* is still good law, and allows for a Rule 60(b) motion to revive an appeal under certain circumstances. In *Tanner*, the habeas petitioner was functionally illiterate. Upon learning that the district court had denied her petition, she sought assistance from a prison "writ-writer," who arranged for the petitioner to sign the necessary papers for an appeal at the prison law library. The legal assistant arranged for a "call-out" before the expiration of the 30 days for filing a notice of appeal. However, the petitioner's housing unit was on lockdown at that time. The petitioner told two prison guards that she needed to go to the law library to pick up legal papers to meet a filing deadline, but the guards refused her request, telling her, "Too bad," and threatening solitary confinement if she did not return to her cell. By the time the petitioner was able to sign the notice of appeal and deliver it to the prison mail room, 31 days had passed from the date of judgment. Her appeal was dismissed as

untimely. The petitioner later filed a civil action against the guards under 42 U.S.C. § 1983, alleging interference with her right of access to the courts. A jury found in her favor and awarded her $20,000 in compensatory damages and $7,000 in punitive damages. Shortly thereafter, the petitioner filed a rule 60(b)(6) motion in the district court, asking that the original judgment be vacated and reissued, permitting her to file a timely notice of appeal. The district court denied the motion, rejecting the viability of *Lewis* in light of *Bowles*.

Reversing the district court, the Sixth Circuit in *Tanner* distinguished between situations where, as in *Bowles*, an untimely filing is the result of lack of notice, and situations where the untimely filing is the result of a constitutional violation:

> "The decision in *Bowles*—that we lack jurisdiction to hear an appeal filed outside the 14–day period in Rule 4(a)(6), even where weighty equitable considerations exist—is understandable in light of the drafting history of Rule 4(a)(6), which demonstrates that the time periods in Rule 4(a)(6) are *themselves* an accommodation of equitable considerations. [Emphasis in original]. *See Vencor Hosps.,* 279 F.3d at 1310. Unlike Bowles, however, the case before us does not involve a Rule 4(a)(6) notice problem. Here, as in *Lewis,* Tanner has asked the district court to grant her relief from judgment, pursuant to Rule 60(b)(6), *not* to solve a problem related to a failure to receive notice, but to restore her right to appeal, a right she lost due to the unconstitutional conduct of the guards at her prison. [Emphasis in original]. Even if Rule 4(a)(6) represents a mandatory and jurisdictional balancing of the interests of fairness and finality in cases in which there has been a notice problem, nothing in the drafting history of Rule 4 suggests that the drafters intended Rule 4(a)(6) to be the sole means of accommodating all equitable considerations that arise due to the Appellate Rules' strict filing deadlines. *Our decision in Lewis thus controls this situation and, as Lewis demonstrates, Rule 60(b) is an appropriate means of considering equitable interests when a notice of appeal is filed late for reasons other than lack of notice*. (Emphasis added). 776 F.3d at 440-441.

Again contrasting the situation where the appellant lacks notice of the judgment, the *Tanner* majority distinguished the Fifth Circuit's decision in *Perez v. Stephens, supra*, noting that it "did not involve the type of unconstitutional conduct by a state actor that is at issue in this case." 776 F.3d at 442.

-8-

Notwithstanding Judge Gibbons' dissent, and her observation that post-*Bowles*, "[t]he vast majority of circuits have held" that courts lack the power to carve out *any* equitable exceptions to Rule 4(a)(6)[5], *Tanner* is the law of this Circuit. But that is of little comfort to this Petitioner, since the untimeliness of his appeal stems from lack of notice, not an actionable constitutional violation by a state actor. Therefore, his case is governed by *Bowles*, not *Lewis* or *Tanner*. In *Oliver v. Romanowski*, 2015 WL 1540944, *2 (E.D. Mich. 4/7/15)(Cox, J.), a post-*Tanner* lack of notice case, the Court held:

> "Fed. R.App. P. 4(a)(6) is the exclusive remedy for reopening the time for filing a notice of appeal after the statutory time period for filing such an appeal has expired. *See Bowles v. Russell,* 432 F.3d 668, 672 (6th Cir.2005). A federal district court lacks the authority to consider a motion to reopen the time for an appeal which is not filed within Rule 4(a)(6)'s time constraints."
>
> \*                              \*                              \*
>
> "Finally, the 180 day time limit contained within 4(a)(6) may not be waived for equitable reasons. *Bowles*, 432 F.3d at 673."

I am not unsympathetic to the Petitioner, and I appreciate that my recommendation will seem unfair to him, because it is not his fault that the Opinion and Order and judgment were sent to the wrong address. But "[w]hile application of [Rule 4(a)(6)] infrequently may work misfortune, it is an overriding principle which demands

---

[5] Judge Gibbons described the following cases:

"The Second Circuit refused to review an order denying a Rule 60(b)(6) motion because '[c]ompliance with Rule 4(a) is 'mandatory and jurisdictional.' *DiGirolamo v. United States,* 279 Fed.Appx. 37, 38 (2d Cir.2008) (per curiam) (alteration in original) (quoting *Williams v. KFC Nat'l Mgmt. Co.,* 391 F.3d 411, 415 (2d Cir.2004)). The Third Circuit, in *Baker v. United States,* 670 F.3d 448, 456 (3d Cir.2012), stated unequivocally that the time limit in Rule 4(a)(1) is 'jurisdictional[ ] and ... not subject to equitable modification.' In *White v. Jones,* 408 Fed.Appx. 293, 295 (11th Cir.2011), the Eleventh Circuit expressed serious doubts, in light of *Bowles,* that a litigant could 'somehow ... file a Rule 60(b) motion to restart the appeal clock.'"

enforcement." *Clark,* 204 F.3d at 1041. Under *Bowles* <u>and</u> *Tanner*, Petitioner's request to vacate and re-issue the judgment must be denied.

## IV.   CONCLUSION

For these reasons, I recommend that Petitioner's letter to the Court [Doc. #22] be construed as a motion for relief from judgment under Fed.R.Civ.P. 60(b)(6), and that the motion be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991);  *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same

order raised, each issue contained within the objections.

                    s/R. Steven Whalen
                    R. STEVEN WHALEN
                    United States Magistrate Judge

Dated: October 5, 2015

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 5, 2015, electronically and/or by U.S. mail.

                    s/C. Ciesla
                    Case Manager